IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:19-CV-459-FL

| | |
|---|---|
| HILDRED MANUEL LYLES, II, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NORWOOD CARLTON TILLEY, JR.; SANDRA JANE HAIRSTON; JAMES R. WOODALL, JR.; RICHARD ALLEN BADDOUR; KATY POOLE, Administrator; DANNY SAFRIT, Administrator; JAMES VAUGHAN, Superintendent; ERIK HOOKS, Secretary NCDPS; and KENNETH E. LASSITER, Director, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) ORDER |
| Defendants. | )<br>) |

This matter is before the court on the memorandum and recommendation ("M&R") of Magistrate Judge James E. Gates, pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), wherein it is recommended that the court dismiss plaintiff's complaint on frivolity review under 28 U.S.C. § 1915(e)(2)(B). (DE 22). Plaintiff timely objected to the M&R. (DE 25). In this posture, the matter is ripe for ruling. For the reasons stated herein, the court adopts the M&R as its own and dismisses the complaint as frivolous.

**BACKGROUND**

On October 15, 2019, plaintiff filed an application to proceed in forma pauperis ("IFP") and a proposed complaint with exhibits. Plaintiff seeks vacatur of several criminal convictions in

state court, primarily a first-degree rape conviction in Orange County Superior Court on October 18, 1993. He also challenges his sentencing in the United States District Court for the Middle District of North Carolina on bank robbery charges in 1992. He generally asserts damages claims pursuant to 42 U.S.C. §§ 1981 and 1985(3), any claims for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and his claims for injunctive relief pursuant to 28 U.S.C. §§ 2283 and 2284 and Rule 65 of the Federal Rules of Civil Procedure. He also alleges a litany of torts under state law, set forth in full in the M&R.

On frivolity review, the magistrate judge found that plaintiff's claim was subject to dismissal due to (1) the principles recognized in Heck v. Humphrey; (2) lack of diversity jurisdiction; (3) the Rooker-Feldman doctrine;[1] (4) failure to state a claim upon which relief may be granted due to deficient pleading; and (5) immunity. Plaintiff does not specifically object to any of the magistrate judge's findings, except for the magistrate judge's determination that absolute judicial and prosecutorial immunity barred certain of his claims.

## DISCUSSION

A.  Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d

---

[1] District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

2

198, 200 (4th Cir. 1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint may be found frivolous if it "lacks an arguable basis either in law or in fact." Neizke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotations omitted). In evaluating whether a claim has been stated, "[the] court accepts all well-pled facts as true and construes those facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement [,] . . . unwarranted inferences, unreasonable conclusions or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B. Analysis

Plaintiff does not specifically object to the magistrate judge's first four grounds for dismissal, summarized by the court above. Upon considered review of the M&R and the record in this case, the court finds no clear error in the magistrate judge's first four grounds for dismissal.

Likewise, on de novo review, the court concludes that absolute immunity bars plaintiff's remaining claims.

Prosecutors are absolutely immune when carrying out prosecutorial functions. See Van de Kamp v. Goldstein, 555 U.S. 335, 341-43 (2009); Buckley v. Fitzsimmons, 509 U.S. 259, 268 (1993); Butz v. Economou, 438 U.S. 478, 504 (1978); Imbler v. Pachtman, 424 U.S. 409, 431 (1976). Acts taken by a prosecutor to initiate or litigate criminal proceedings after probable cause has been established are prosecutorial functions protected by absolute immunity. See Fitzsimmons, 509 U.S. at 273–74; Goldstein v. Moatz, 364 F.3d 205, 215 (4th Cir. 2004); Ehrlich v. Giuliani, 910 F.2d 1220, 1222 (4th Cir. 1990). Here, plaintiff complains of several defendants' exercise of prosecutorial functions, such as negotiation of plea agreements and recommendations at sentencing in state and federal court. (See Compl. (DE 23) at 7–8, 9, 11). These claims are barred by absolute prosecutorial immunity.

Similarly, judges are absolutely immune from damages actions unless they act with "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356 (1978); Pierson v. Ray, 386 U.S. 547, 554 (1967). "When applied to the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court, the doctrine of absolute judicial immunity has not been particularly controversial." Forrester v. White, 484 U.S. 219, 227 (1988); see Mireles v. Waco, 502 U.S. 9, 11–12 (1991) (per curiam). A judge may "not be deprived of immunity because the action [taken] was in error, was done maliciously, or was in excess of his authority." Sparkman, 435 U.S. at 356. Plaintiff's claims against defendant judges are for judicial acts to which absolute immunity applies. (See Compl. (DE 23) at 7, 8, 10, 11).

## CONCLUSION

Based on the foregoing, and upon de novo review of the M&R and the record in this case, the court ADOPTS the recommendation of the magistrate judge. Plaintiff's claims are DISMISSED pursuant to 28 U.S.C. § 1915(e)(2). The clerk is DIRECTED to close this case.

SO ORDERED, this the 14th day of April, 2020.

                                          LOUISE W. FLANAGAN
                                          United States District Judge